### C. D. ROGERS v. J. L. POWELL ET AL.

Decided May 19, 1910.

#### 1.—Contract—Time of Payment.

One of two joint owners of land having contracted to sell his interest to the other, who had found a purchaser, no date for payment being fixed, but the consideration to come out of the amount paid by the expected purchaser, could not, on that sale being consummated, because of a slight delay in completing it, due to the purchaser requiring some changes in the deeds, and not appearing to have prejudiced him, repudiate his contract to sell to his co-owner for the price agreed on, and demand half the sum realized by the latter on the sale.

#### 2.—Brief.

A brief not signed by the party or his attorney does not require consideration.

Error from the District Court of Wichita County. Tried below before Hon. A. H. Carrigan.

*J. T. Montgomery,* for plaintiff in error.

*A. A. Hughes,* for defendants in error.

HODGES, Associate Justice.—Defendant in error, J. L. Powell, filed this suit against C. D. Rogers, the plaintiff in error, and the City National Bank of Wichita Falls, for the recovery of a portion of the proceeds of the sale of a tract of land formerly owned by Powell and Rogers jointly. The bank answers, admitting that it has the proceeds of the sale in its possession, claims to be a mere stakeholder, and expresses a willingness to pay it over to the parties who the court may determine are entitled to receive it.

The following are facts shown by the evidence: In July, 1908, and for some time prior thereto, Powell and Rogers were joint owners of 640 acres of land situated in Wilbarger County. They owed a balance of $3000 and the accrued interest as a part of the purchase price. Powell was desirous of trading or selling the land, and there was some talk between them in which Rogers expressed a willingness to dispose of his interest on a basis of $11 per acre. On July 6, 1908, Powell reported to Rogers that he had found a purchaser. Upon being asked by the latter the price at which the land was to be sold, Powell declined to disclose it, saying that he had gotten only a little more than $11 per acre; that he made the sale through an agent and had to give him almost all of the profit, and was making very little out of it for himself. Powell then offered to give Rogers his interest in the rent on the farm for that year, one-sixth of the wheat, and allow him $11 per acre for his interest in the land. This was agreed to, and it was further agreed that payment should be made as soon as the abstract and deeds could be prepared and passed upon. Rogers then wrote a short contract stating that he had sold Powell his half interest in the land for $11 per acre cash, and that he was to have all of the wheat rents from the land for the year 1908; that Powell agreed to take the land at the price and terms stated, and pay Rogers for same just as soon as the necessary papers could be prepared and delivered, and an abstract furnished showing good title to the land. This contract was signed by both Powell and Rogers. It was subsequently agreed between them that the deed should be made by Powell and Rogers direct to the purchasers, and the money paid over to the City National Bank of Wichita Falls; also, that the bank should deduct from the proceeds of the sale, the purchase money due from both Powell and Rogers, and some other expenses which the parties had agreed upon, and then divide the proceeds according to the terms of the agreement mentioned. The money was paid into the bank during the following month, and the bank deducted the joint indebtedness and expenses mentioned from the proceeds. After signing the deed, Rogers declined to abide by his agreement with Powell to accept payment of his interest on a basis of $11 per acre, and demanded an equal division. The land had been sold by Powell for $13.50 per acre, and that fact was

known to Rogers when the deed was presented to him for signature. He now gives as a reason for refusing to abide by his agreement, that he did not get his money within the time agreed upon between him and Powell. The evidence shows that no stated time was mentioned, but that he was to be paid as soon as the abstract and deeds could be prepared and passed upon, and that he was to get his money from the payment made by the purchasers to whom Powell had sold. The testimony shows that the delay was occasioned by the purchasers' requiring some changes to be made in the deeds, and also on account of Rogers being absent from the State. There is nothing to indicate that he suffered any injury in consequence of the delay in getting his money.

The pleadings and the evidence were sufficient to support the verdict and judgment against the bank for the amount recovered; in fact, we think the court should have given a peremptory instruction to that effect. What purports to be briefs for the plaintiff in error are not signed by him, or by any attorney for him, and we are not called upon to consider them. We deem it proper to say, however, that our conclusion would not be different should this instrument be considered, and treated as a brief.

The judgment of the District Court is affirmed.

*Affirmed.*